**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**

APR 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|                           |   |                                        |
|---------------------------|---|----------------------------------------|
| UNITED STATES OF AMERICA, | ) |                                        |
|                           | ) |                                        |
| v.                        | ) |                                        |
|                           | ) | Criminal Action No. 01-59-02 (RWR)     |
| LLOYD SIBBLIES,           | ) |                                        |
|                           | ) |                                        |
| Defendant.                | ) |                                        |
|                           | ) |                                        |

**UNSEALED**

## MEMORANDUM OPINION AND ORDER

Defendant Lloyd Sibblies has moved for reconsideration of
the June 4, 2004 Memorandum Opinion and Order ("2004 Order")
denying his motion to withdraw his guilty plea to one count of
conspiracy to distribute and possess with intent to distribute 50
grams or more of cocaine base in violation of 21 U.S.C. § 846.
Sibblies now presents new allegations of ineffective assistance
of counsel, and contends that he is innocent because he lacked
the requisite intent to conspire with the alleged co-
conspirator.[1]  Because reconsideration is not warranted, the plea
was voluntary and knowing, and his claim of innocence lacks
evidentiary support, Sibblies' motion to reconsider the order
denying his request to withdraw his plea will be denied.

---

[1]  Sibblies also presents the same arguments -- albeit in
more detail -- that he made in his initial motion to withdraw.
For the reasons already stated in the 2004 Order, those arguments
are rejected.

- 2 -

## BACKGROUND

Sibblies was indicted on one count of conspiracy to
distribute and possess with intent to distribute cocaine base in
violation of 21 U.S.C. § 846, two counts of unlawful distribution
of 50 grams or more of cocaine base in violation of 21 U.S.C.
§ 841(b)(1)(A)(iii), and one count of unlawful distribution of
5 grams or more of cocaine base in violation of 21 U.S.C.
§ 841(b)(1)(B)(iii).  He signed a cooperation agreement with the
government and pled guilty to the conspiracy charge in Count One
of the indictment on April 19, 2001.[2]  More than 25 months after
he pled guilty but before his sentencing date, Sibblies moved to
withdraw his plea, insisting that he understood neither the
charges against him nor that he would be subject to a statutory
minimum sentence of 10 years when he accepted the plea agreement,
that the advice on those topics by counsel at the time, Valencia
Rainey, was ineffective, and that he was factually innocent of
the charge to which he pled.  The 2004 Order denied Sibblies'
motion, explaining that "the record belies defendant's claims and
he has shown no fair and just reason to permit him to withdraw
his plea[.]"  (2004 Order at 1.)

Sibblies has moved for reconsideration of his request to
withdraw his plea, providing new allegations of ineffective

---

[2]  The details of the plea agreement and plea hearing are
discussed extensively in the 2004 Order.

- 3 -

assistance by Rainey, and adding to his claim of innocence that
he lacked the requisite intent to conspire.  (See Def.'s Mot. to
Recons. and Vacate the Court Order ("Def.'s Mot.") at 5, 8-9.)
The government opposes, arguing that there was no defect in
Sibblies' Rule 11 plea and that his claims of ineffective
assistance of counsel and innocence are insufficient.

## DISCUSSION

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a
defendant to withdraw his guilty plea before a sentence is
imposed if he shows a "fair and just reason" for requesting the
withdrawal.  Fed. R. Crim. P. 11(d)(2)(B); United States v.
Jones, 472 F.3d 905, 907 (D.C. Cir. 2007).  "Although presentence
withdrawal motions should be 'liberally granted,' they are 'not
granted as a matter of right.'"  United States v. Ahn, 231 F.3d
26, 30 (D.C. Cir. 2000) (quoting United States v. Ford, 993 F.2d
249, 251 (D.C. Cir. 1993); United States v. Loughery, 908 F.2d
1014, 1017 (D.C. Cir. 1990)).  See also United States v. Shah,
453 F.3d 520, 521 (D.C. Cir. 2006); United States v. Basu, 531 F.
Supp. 2d 48, 51-52 (D.D.C. 2008).  The decision to grant or not
grant a withdrawal is within the court's discretion.  See United
States v. Tolson, 372 F. Supp. 2d 1, 8 (D.D.C. 2005), aff'd, No.
05-3102, 2008 WL 441764, at *1 (D.C. Cir. Jan. 25, 2008).

Typically, courts look at several factors in deciding
whether to grant a motion to withdraw a plea, including (1)

- 4 -

whether the guilty plea was somehow tainted, (2) whether the
defendant has asserted a viable claim of innocence,[3] and (3)
whether the delay between the guilty plea and the motion to
withdraw has substantially prejudiced the government's ability to
prosecute the case.  See United States v. West, 392 F.3d 450, 455
(D.C. Cir. 2004); United States v. Asaifi, Criminal Action No.
04-401 (RMC), 2007 WL 1322098, at *5 (D.D.C. May 3, 2007).

When a plea is tainted because it was entered
unconstitutionally or contrary to Rule 11 procedures, the
standard for granting a motion to withdraw is lenient.  See
United States v. Barker, 514 F.2d 208, 221 (D.C. Cir. 1975).
However, where the plea itself was properly entered, "more
substantial reasons for delay [between the entry of the plea and
the filing of the motion] must generally be asserted."  Id.  A
district court should ordinarily conduct an evidentiary hearing
upon request where the motion to withdraw a guilty plea is based
upon claimed ineffective assistance of counsel.  Curry, 494 F.3d
at 1131.  However, "a court does not abuse its discretion in
[holding no hearing] where there are no material factual issues
in dispute."  Id.  A hearing is also unnecessary when the motion
"fail[s] to allege sufficient facts or circumstances 'upon which
the elements of constitutionally deficient performance might

---

[3]   The D.C. Circuit has also expressed this factor as "a
legally cognizable defense."  United States v. Curry, 494 F.3d
1124, 1129 (D.C. Cir. 2007).

- 5 -

properly be found.'  Summary disposition may also be appropriate
where the defendant has failed to present any affidavits or other
evidentiary support for the naked assertions contained in his
motion." <u>United States v. Taylor</u>, 139 F.3d 924, 933 (D.C. Cir.
1998) (quoting <u>United States v. Pinkney</u>, 543 F.2d 908, 916-17
(D.C. Cir. 1976)) (citations omitted).

The 2004 Order employed these legal principles and rules in
assessing Sibblies' motion to withdraw.  It considered all of the
relevant factors and discussed whether his guilty plea comported
with Rule 11, whether the plea was tainted by deficient and
prejudicial advice by his counsel, and whether he advanced a
viable claim of innocence.  Ordinarily, requests to reconsider
rulings are disfavored absent a clear showing of legal or factual
error.  <u>Cf</u>. <u>Ciralsky v. CIA</u>, 355 F.3d 661, 671 (D.C. Cir. 2004)
(stating that motions to reconsider "need not be granted unless
the district court finds that there is an intervening change of
controlling law, the availability of new evidence, or the need to
correct a clear legal error or prevent manifest injustice")
(internal quotations and citation omitted); <u>see also</u>, <u>Niedermeier
v. Office of Max Baucus</u>, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)
(noting that motions for reconsideration "are disfavored and
relief from judgment is granted only when the moving party
establishes extraordinary circumstances") (citation omitted); <u>New
York v. United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A

- 6 -

. . . motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled."). Sibblies has neither argued nor demonstrated any such error in the 2004 Order's discussion of the issues presented then. He simply makes a second try at a withdrawal by rearguing some previous points and advancing some new ones. Such efforts find no safe harbor in motions to reconsider, and his present motion deserves to be denied for that reason alone. The result, though, does not change even upon an examination of the merits of his newly advanced arguments.

I.   VALIDITY OF THE PLEA

A plea of guilty is constitutionally valid if and only if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" United States v. McCoy, 215 F.3d 102, 107 (D.C. Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)). Rule 11 delineates procedural safeguards to ensure that a guilty plea is entered into knowingly, voluntarily, and intelligently. See Fed. R. Crim. P. 11(b). "An understanding of the crime to which a defendant is admitting guilt is a 'core consideration' of Rule 11." United States v. Shah, 263 F. Supp. 2d 10, 21 (D.D.C. 2003) (quoting Ford, 993 F.2d at 251), aff'd but remanded on other grounds, 453 F.3d 520 (D.C. Cir. 2006). "[T]he record of the plea colloquy must lead a reasonable person to believe that the

- 7 -

defendant understood the nature of the charge, such as through a judicial recitation of the material details of the charge." Id. A defendant who does not "'show some error under Rule 11 has to shoulder an extremely heavy burden if he is to ultimately prevail' in his effort to withdraw his plea." United States v. Berkeley, 515 F. Supp. 2d 159, 161 (D.D.C. 2007) (quoting United States v. Cray, 47 F.3d 1203, 1208 (D.C. Cir. 1995)).   The defendant's representations at the plea hearing regarding "adequacy of counsel and the knowing and voluntary nature of his plea . . . may 'constitute a formidable barrier' to . . . later refutations." Taylor, 139 F.3d at 933 (internal citations omitted) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

    If a defendant claims that a guilty plea is tainted because of ineffective assistance of counsel, he must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. See Lockhart, 474 U.S. at 58; United States v. Hanson, 339 F.3d 983, 990 (D.C. Cir. 2003).   An attorney's assistance is deficient if her representation falls below an objective standard of reasonably effective assistance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).   In order to show prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Lockhart, 474 U.S. at 59.

- 8 -

Sibblies now presents the new allegation that he entered his guilty plea because Rainey told him during the plea hearing that "'he should answer yes to the court's inquiries' and that she would explain everything after the hearing." (Def.'s Mot. at 8.) He states that he relied upon Rainey's "advice and instructions and thought that he was getting a reduced sentence as a result of the plea agreement." (Id.)

The record belies his claim that his answers were uninformed and improperly prompted. As was discussed in the 2004 Order, Sibblies acknowledged under oath that he discussed fully the charges as well as the case in general with his attorney, that he was completely satisfied with the services of his lawyer, that he had had enough time to talk with his lawyer about his case and the government's plea offer, that his willingness to plead guilty was the result of discussions that he or his lawyer had had with the government, that he had discussed the terms of the plea agreement with counsel, and that the signature on the plea agreement -- attesting that he had read and understood the plea agreement and had discussed it with his attorney -- was indeed his signature. (Tr. at 11, 17-19.) He also affirmed that he understood that it was solely the government's decision as to whether it would file a motion for a downward departure, "and that neither [his] lawyer nor [the court could] force the government to file such a motion[.]" (Tr. at 24.) In addition,

- 9 -

Sibblies assured the court at the plea colloquy that his plea was voluntary and without external pressure.  (Tr. at 36-37.)

"These declarations concerning the performance of [defendant's] counsel were made in open court under oath and thus carry a strong presumption of verity."  United States v. Hawkins, Criminal Action No. 03-390 (JDB), 2005 WL 1660840, at *4 (D.D.C. July 11, 2005) (citing United States v. Grewal, 825 F.2d 220, 223 (9th Cir. 1987) (internal quotations omitted)); see also United States v. Ross, 147 Fed. Appx. 936, 940 (11th Cir. 2005) ("There is a strong presumption that [a defendant's] acknowledgment of his understanding and his statements as to his communications with the attorney[] are true.").  Sibblies has failed to provide any affidavit, declaration, or other evidence to lend factual support to his new allegation to the contrary.  Even if Rainey had not provided reasonably effective assistance, Sibblies has again failed to show that "but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial."[4]

---

[4] Sibblies does argue that but for Rainey's representations regarding the possible sentencing range, he "would have taken his chances and elected to go to trial . . . since the sentence range would have been the same for the plea."  (Def.'s Mot. at 6.) However, Sibblies repeats the argument he raised in his earlier motion to withdraw that he was not advised that his guilty plea would still expose him to a 10-year mandatory minimum sentence. (Cf. Mot. and Request to Withdraw at 1, 2 with Mot. to Recons. at 6-7.)  The 2004 Order disposed of that argument.  Id. at 19-20. He appears to add, though, the factually inaccurate argument that pleas of guilty or not guilty would have produced the same sentencing guidelines range as support for his claim that his choice to plead would have been different had counsel not

- 10 -

<u>Lockhart</u>, 474 U.S. at 59.  Indeed, the court explained the nature
of the charge, the possible sentence that he faced, and that "the
sentence that is imposed may be very different from any estimate
that [counsel] . . . thinks it might be" (Tr. 22), thereby
undermining any claim of prejudice.  See <u>Hanson</u>, 339 F.3d at 990
("[T]he district court's admonition at the plea hearing that [the
defendant] should not rely on [counsel's] sentencing predictions
weakens the defendant's claim that those predictions were at the
root of his decision to plead guilty.").  Accordingly, Sibblies
has not made out a sufficient claim of ineffective assistance of
counsel to render his plea invalid.

II.  VIABLE CLAIM OF INNOCENCE OR LEGALLY COGNIZABLE DEFENSE

Despite a defendant's bare assertion of innocence, "[i]f the
[defendant's] factual contentions, when accepted as true, make
out no legally cognizable defense to the charges, he has not
effectively denied his culpability, and his withdrawal motion
need not be granted."  <u>Cray</u>, 47 F.3d at 1206 (quoting <u>Barker</u>, 514
F.2d at 220).  A "defendant must do more than make a general
denial in order to put the Government to its proof; he must
affirmatively advance an objectively reasonable argument that he

---

suggested that his sentencing guidelines range would be lower
with a guilty plea than with a conviction at trial.  As the
government even agreed in his plea agreement, his guilty plea
warranted a three-point reduction in his base offense level under
the sentencing guidelines, thus lowering his sentencing
guidelines range exposure.  Proceedings of April 19, 2001, Court
Ex. 2.

- 11 -

is innocent[.]" <u>Cray</u>, 47 F.3d at 25.  If the defendant does
allege a legally cognizable defense, the defendant must show good
reason for his failure to present those defenses at the original
pleading.  He must "legitimately explain why [he], who formerly
admitted his guilt, should now be entitled to maintain his
innocence." <u>United States v. Abreu</u>, 964 F.2d 16, 20 (D.C. Cir.
1992) (affirming denial of motion to withdraw plea despite
defendant's claim that he was innocent).  "A simple shift in
tactics or a change of heart is not an adequate reason" to
explain the failure to disclose a defense at the time of the plea
hearing.  <u>Id.</u>

Sibblies attempts to bolster his claim of innocence by
insisting that "he lacked the requisite intent to conspire with
the alleged Co-conspirator." (Def.'s Mot. at 5.)  However,
Sibblies does not affirmatively assert facts in support of this
claim.  Instead, he merely attacks the strength of the
government's evidence by asserting that no drugs were found on
him, that the videotape of one of his charged overt acts showed
no evidence of a drug transaction, and that the investigating
officer only relied on evidence of a third party.  (<u>See id.</u>)
Sibblies' insistence that he lacked specific intent accompanied
by no support other than deprecating the government's evidence
amounts to only a general denial of guilt or an argument that the
government could not prove its case.  A defendant seeking to

- 12 -

withdraw a sworn guilty plea with a claim of innocence "should have to satisfy an increased evidentiary burden of persuasion, requiring that he . . . proffer substantial facts in support of the innocence claim." Tolson, 372 F. Supp. 2d at 25.  Without more, Sibblies has again fallen short of making a viable claim of innocence.

Moreover, Sibblies' assertions of innocence also imply that he committed perjury during his plea, and "[l]ying to a court is not a 'fair and just reason' for allowing a plea to be withdrawn." Shah, 453 F.3d at 523 (internal citation omitted) (quoting Fed. R. Crim. P. 11(d)(2)(B)); see also Barker, 514 F.2d at 223 (explaining that it is important to consider whether a withdrawal motion "is premised on claims directly contrary to the representations" made during the plea hearing, and affirming denial of the motion to withdraw because appellants willfully abused and misled the court).  Even if Sibblies' defense were viable, it adds "'little weight on the side of permitting withdrawal.'" Curry, 494 F.3d at 1129 (quoting Hanson, 339 F.3d at 988-89 (stating that where the defense was "extremely weak" and belated, the district court did not abuse "its discretion in declining to give it much weight as a factor favoring the withdrawal of [the defendant's] guilty plea")).[5]

---

[5] Regarding the last factor, the government does not assert whether it would or would not be prejudiced.  "[T]here is no occasion to inquire into the matter of prejudice to the

- 13 -

<u>CONCLUSION AND ORDER</u>

Sibblies has demonstrated no basis for reconsidering the
2004 Order.  Nonetheless, because the plea colloquy satisfied
Rule 11 and Sibblies has not sufficiently shown that he is
innocent or that his plea was anything but voluntary and
effectively counseled, his motion for reconsideration of his
request to withdraw his guilty plea will be denied.  Accordingly,
it is hereby

ORDERED that defendant's motion [20] for reconsideration of
the court's June 4, 2004 denial of his motion to withdraw his
guilty plea be, and hereby is, DENIED.  It is further

ORDERED that defendant's renewed motion [27] to withdraw his
guilty plea or, in the alternative, to set this matter for
sentencing be, and hereby is, GRANTED IN PART AND DENIED IN PART.
Defendant's renewed request to withdraw his guilty plea is DENIED
AS MOOT.  Defendant's request to set this matter for sentencing
is GRANTED.  Accordingly, it is further

ORDERED that this matter be referred for preparation of an
updated presentence report and that a sentencing hearing be and
hereby is set for May 29, 2008 at 10:45 a.m.  Any additional
sentencing memoranda must be filed by May 22, 2008.

---

Government unless the defendant first shows a good reason for
being allowed to withdraw his plea."  <u>Cray</u>, 47 F.3d at 1207
(internal quotations omitted).  Because the defendant has failed
to show that permitting him to withdraw his plea would be just or
fair, the final factor need not be examined.

- 14 -

SIGNED this _16th_ day of _April_, 2008.

_____

RICHARD W. ROBERTS
United States District Judge